JS-6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ERIC GRABBER,<br><br>            Petitioner,<br><br>        v.<br><br>STEVE LANGFORD, Warden,<br><br>            Defendants. | Case No. CV 15-9422 CJC (MRW)<br><br>**ORDER DISMISSING ACTION** |

The Court grants the government's unopposed motion to dismiss this federal habeas action.

* * *

Petitioner is a federal prisoner at FCI Lompoc.  He filed a habeas action (28 U.S.C. § 2241) challenging his federal Bureau of Prisons (BOP) housing designation and assignment.  Petitioner requested that the Court order Petitioner to be transferred to a specific prison camp, which Petitioner claimed was the recommendation of the sentencing judge in his underlying criminal case.  (Docket # 1.)  After screening the petition, the Court (Magistrate Judge Wilner) directed Petitioner to submit a supplemental statement explaining the nature of his habeas

request.  (Docket # 3.)  In response, Petitioner submitted a brief notice in which he asked for "clarification of the Sentencing Court's intended level of incarceration." (Docket # 4.)

The government moved to dismiss the action.  (Docket # 6.)  The government argued that this Court does not have jurisdiction to consider a federal prisoner's claim regarding the level of Petitioner's classification in custody in a habeas action.

The Court directed Petitioner to respond to the government's motion. (Docket # 8.)  Judge Wilner specifically informed Petitioner that the Court could consider the motion unopposed – and consented to – under the Local Rules unless Petitioner filed a response.  The Court also advised Petitioner that the action could be dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute the case.  (<u>Id.</u> at 2.)  However, Petitioner failed to file a timely response.

* * *

1.     Local Rule of Court 7-12 states that, after a party files a motion with the Court, the failure to file a required response "may be deemed consent to the granting [ ] of the motion."  That rule applies to the present dismissal motion.  The government plausibly established that Petitioner failed to present a cognizable claim for this Court to take up on habeas review (see below).  Petitioner's failure to respond to the dismissal motion signifies his consent to the dismissal of the action.

2.     Dismissal is also proper under Rule 41(b).  Rule 41(b) provides that if a plaintiff "fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Dismissal may be ordered by the Court <u>sua sponte</u>.  <u>Link v. Wabash R.R.</u>, 370 U.S. 626, 629-30 (1962).  Dismissal of a civil action under Rule 41 may be appropriate to advance the public's interest in the expeditious resolution of litigation, the court's need to manage its docket, and to avoid the risk of prejudice to defendants.  <u>Omstead v.</u>

1  Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258,
2  1263 (9th Cir. 1992) (analyzing factors supporting dismissal of Section 1983
3  actions).

4       Petitioner's failure to prosecute this action warrants dismissal under
5  Rule 41(b).  Petitioner failed to respond to the government's dismissal motion and
6  the Court's order requiring him to do so.  (Docket # 6, 8.)  The public, the Court,
7  and the government have a significant interest in the resolution of this case.
8  Petitioner, by contrast, has demonstrated a lack of interest in pursuing the action to
9  a decision on the merits.  Moreover, given Petitioner's failure to respond to the
10  Court's order, there are no "less drastic sanctions" available to the Court other than
11  a dismissal of the action.  <u>Omstead</u>, 594 F.3d at 1084.  Rule 41 therefore provides
12  an additional basis for dismissing the action.

13       3.    Finally, were the Court to reach the merits of the government's
14  dismissal motion, it is apparent that Petitioner is not entitled to relief.  The BOP is
15  responsible for determining all prisoner housing decisions.  Prisoners have "no
16  right to be at any particular prison" within the federal system.  <u>Grayson v. Rison</u>,
17  945 F.2d 1064, 1067 (9th Cir. 1991).  The BOP has wide discretion to "manage
18  and regulate all federal penal and correctional institutions." <u>Reeb v. Thomas</u>, 636
19  F.3d 1224, 1226 (9th Cir. 2011).

20       For that reason, federal courts "lack jurisdiction to review" claims based on
21  the BOP's exercise of that discretion.  <u>Id.</u> at 1227 (dismissing federal habeas
22  petition asking for petitioner to be reinstated in prison drug treatment program;
23  district court had no subject matter jurisdiction).  And, although a federal court
24  may recommend a specific assignment for a prisoner, a sentencing court "has no
25  jurisdiction to select the place where the sentence will be served." <u>United States v.</u>
26  <u>Ceballos</u>, 671 F.3d 852, 855 (9th Cir. 2011) (quotation omitted); <u>Looman v.</u>

27
28

Milusnic, CV 13-6585 MMM (SP), 2014 WL 2206338 at *2 (C.D. Cal.) (same; dismissing habeas action challenging housing issue for lack of jurisdiction).

Petitioner's habeas action seeks federal court review of his custodial housing and classification. Whether he challenges his current housing assignment or the BOP's designation level that led to the assignment, this Court is without jurisdiction to review that agency action. Reeb, 636 F.3d at 1227; Ceballos, 671 F.3d at 855. Petitioner has not stated a legitimate claim that this Court may consider on habeas review.

* * *

A dismissal under Rule 41(b) ordinarily "operates as an adjudication on the merits" of a claim that leads to a dismissal of the action with prejudice. However, when the dismissal is due to a lack of jurisdiction, the dismissal should be without prejudice.

Accordingly, for the above reasons, this action is DISMISSED without prejudice.

IT IS SO ORDERED.

Dated: April 27, 2016

_____
HON. CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE

4